**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME ADAPTIVE STREAMING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Case No. 6:18-cv-00113-JRG-JDL |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

I.   INTRODUCTION AND STATEMENT OF ISSUES ....................................................... 1

II.  REALTIME'S ALLEGATIONS AND PENDING MOTION TO DISMISS .................... 1

III. ARGUMENT ........................................................................................................................ 2

    A.   The Fallon Patents Are Ineligible Under Section 101. .......................................... 2

    B.   Plaintiff Failed to Properly Plead Infringement of the '462 and '298 Patents........ 5

    C.   Plaintiff Failed to Properly Plead Induced and Contributory Infringement
        as to Pre-Suit Conduct. .......................................................................................... 6

    D.   Plaintiff Fails to State a Claim for Contributory Patent Infringement................... 7

IV.  CONCLUSION.................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
 134 S. Ct. 2347 (2014) ..................................................................................................3, 4, 5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................................................................8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................................................................3

*Biosonix, LLC v. Hydrowave, LLC*,
 No. 4:16-CV-139, 2016 WL 9229848 (E.D. Tex. Aug. 10, 2016) ............................................8

*buySAFE v. Google, Inc.*,
 765 F.3d 1350 (Fed. Cir. 2014) .................................................................................................4

*Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Assn.*,
 776 F.3d 1343 (Fed. Cir. 2014) .................................................................................................3

*Corydoras Techs., LLC v. Apple Inc.*,
 No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) ................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011) ..................................................................................................................6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012) .................................................................................................8

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
 134 S. Ct. 2111 (2014) ..............................................................................................................6

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
 No. 2:13-CV-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) ......................................7

*Ultramercial, Inc. v. Hulu, LLC*,
 772 F.3d 709 (Fed. Cir. 2014) ...................................................................................................5

**STATUTES**

35 U.S.C. § 101 .............................................................................................................. *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................1

## I. INTRODUCTION AND STATEMENT OF ISSUES

On March 9, 2018, Plaintiff Realtime Adaptive Streaming LLC ("Realtime") filed a Complaint (D.I. 1) against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), asserting infringement of seven patents (the "Asserted Patents"): Nos. 7,386,046 (the '046 patent); 8,929,442 (the '442 patent); 8,934,535 (the '535 patent); 9,762,907 (the '907 patent); 9,769,477 (the '477 patent); 8,634,462 (the '462 patent); and 9,578,298 (the '298 patent).

The Asserted Patents are generally directed to data encoding and decoding technologies with five of the Asserted Patents (the '046, '442, '535, '907, and '477 patents) from the same patent family and with James Fallon listed as first named inventor (together, the "Fallon patents").

Samsung brings this instant motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Realtime's Complaint for the following four reasons. First, the Fallon patents are invalid as they claim ineligible subject matter under Section 101. Second, Realtime does not plead facts sufficient to state a plausible claim for direct infringement of the '462 or '298 patents (*i.e.*, the non-Fallon patents). Third, Realtime's claims of contributory and induced infringement must be dismissed to the extent they include pre-suit conduct. Fourth, Realtime's claims of contributory infringement should also be dismissed *in toto* as Realtime does not plausibly allege that components sold or offered for sale have no substantial non-infringing uses.

## II. REALTIME'S ALLEGATIONS AND PENDING MOTION TO DISMISS

As the Court may be aware, Realtime has filed three other cases in this District asserting subsets of the Asserted Patents: *Realtime Adaptive Streaming LLC v. Cisco Systems, Inc.*, Case No. 6:17-cv-00591-JRG ("*Cisco*"); *Realtime Adaptive Streaming LLC v. Amazon.com, Inc., et*

1

*al.*, Case No. 6:17-cv-00549-JRG; and *Realtime Adaptive Streaming LLC v. LG Electronics Inc., et al.*, Case No. 6:18-cv-00215-JRG-JDL.

In particular, in the *Cisco* action, Realtime has asserted all the same patents asserted against Samsung, **except the '046 patent**. Notably, the language of the allegations used by Realtime in its complaint against Cisco appears to have been largely copied and pasted into the Complaint against Samsung.

Cisco filed a motion to dismiss the complaint in their case on January 19, 2018. Given the similarities between the *Cisco* complaint and the Complaint against Samsung, many of the arguments advanced in Cisco's motion (which is pending) apply equally to the Complaint against Samsung.[1] Accordingly, to preserve the Court's resources in deciding this motion as well as avoid repetition, Samsung has noted below where the issues are identical. For these identical issues, Samsung will rely on the briefing in the *Cisco* case and the determination of the issues in that pending motion.[2]

## III. ARGUMENT

### A. The Fallon Patents Are Ineligible Under Section 101.

As noted, except the '046 patent, four of the same Fallon patents (*i.e.*, the '442, '535, '907, and '477 patents) are also asserted in the *Cisco* case. As the question is the same as to

---

[1] As the Court may be aware, Realtime has filed other cases asserting certain Asserted Patents (sometimes all) in different courts. The defendants in a number of those cases have filed various motions to dismiss. We note that one court has denied, without substantive opinion, a motion to dismiss the '535 patent (at issue in this instant motion) as ineligible under Section 101. *See Realtime Adaptive Streaming LLC v. Sling TV L.L.C. et al.*, Case No. 1:17-cv-02097-RBJ (D. Colo.) ("*Sling*") ECF Nos. 73, 74 (attached as Exhibits A and B). None of the other Asserted Patents were at issue in the *Sling* motion.

[2] For ease of reference, the briefing from the *Cisco* case is attached as exhibits to this motion: Cisco's motion to dismiss (Exhibit C); Realtime's opposition (Exhibit D); Cisco's reply (Exhibit E); and Realtime's sur-reply (Exhibit F).

2

whether the four Fallon patents claim patent-ineligible matter under Section 101, Samsung will rely on the briefing from *Cisco* regarding this issue. *See, e.g.*, Ex. C at 11-24, Ex. E at 2-6.

The '046 patent (which was not asserted in the *Cisco* complaint) is similarly ineligible. Like the other Fallon patents, the '046 patent claims a system for selecting a compression algorithm based upon a throughput that includes tracking access requests to a storage device. Claim 40 is the only claim identified in the Complaint. *See* Compl. at ¶ 18. Claim 40 is representative of all the other claims of the '046 patent, which, *e.g.*, add minor variations to the same abstract idea (*e.g.*, specifying a particular type of encoder). *See Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Assn.*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (finding claim representative of all patent claims where all the claims are substantially similar and linked to the same abstract idea).[3] As detailed below, the claims of the '046 patent are invalid under the test set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

### *Alice* Step One

Exemplary claim 40 of the '046 patent recites:

40. A system comprising:

*a data compression system* for compressing and decompressing data input;

*a plurality of compression routines* selectively utilized by the data compression system, wherein a first one of the plurality of compression routines includes a first compression algorithm and a second one of the plurality of compression routines includes a second compression algorithm; and

---

[3] To note, beyond identifying claim 40, Realtime does not further differentiate between the claims of the '046 patent. Indeed, Realtime alleges that Samsung infringes additional claims of the '046 patent "for similar reasons." Compl. ¶ 30. Accordingly, Realtime should be held to its view that its allegations of infringement of claim 40 equates to notice for all the other claims of the '046 patent (*i.e.*, as there is no difference in scope). Otherwise, Realtime's allegation that claim 40 provides notice of infringement of any other claim should fail and the scope of the case should be limited to claim 40 (*i.e.*, as Realtime has provided no plausible allegation as to the infringement of any claim beyond claim 40). *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007) (a complaint must include "enough facts to state a claim to relief that is plausible on its face").

> *a controller for tracking throughput and generating a control signal to select a compression routine based on the throughput,* wherein said tracking throughput comprises tracking a number of pending access requests to a storage device; and
>
> *wherein when the controller determines that the throughput falls below a predetermined throughput threshold,* the controller commands the data compression engine to *use one of the plurality of compression routines to provide a faster rate of compression* so as to increase the throughput.

'046 patent, claim 40 (emphasis added).

As with the '477 and '907 patents, claim 40 of the '046 patent attempts to limit the claim to the "particular technological environment" of using a parameter relating to a throughput, but adding this limitation does not elevate the claim to something more than an abstract idea. *Alice*, 134 S. Ct. at 2358 ("the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment"); *see also buySAFE v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) ("narrowing to particular types of such relationships, themselves familiar, does not change the analysis"); Ex. C at 18-20 (discussing '477 patent), 22-24 (discussing '907 patent). Claim 40 of the '046 patent further recites selecting one of the compression routines to compress faster. By limiting the recited compression routines, Realtime again seeks to limit the use of the abstract idea to a "particular technological environment," which cannot save the claim. *Alice*, 134 S. Ct. at 2358; *buySAFE*, 765 F.3d at 1355.

The other claims of the '046 patent recite minor variations that do not change the abstract nature of the claims. For example, other claims attempt to limit the type of compression algorithm used (*e.g.*, '046 claims 2, 5, 11, 33-36), the data itself (*e.g.*, '046 claims 3-4, 6-7, 9-10, 12-13, 15-16, 20-21), or the communications channel used (*e.g.*, '046 claim 30), rather than provide any additional technological substance. In total, these other '046 patent claims do not

meaningfully change the abstract idea—trying to limit the claims to "particular technological environments" does not provide a defense under Section 101. *Alice*, 134 S. Ct. at 2358; *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014) ("[T]he use of the Internet is not sufficient to save otherwise abstract claims from ineligibility under § 101.").

### *Alice* Step Two

The '046 patent fails the second prong of the *Alice* test for the same reasons that the other Fallon patents do, as set forth in the *Cisco* motion. *See* Ex. C at 12-24 (conducting *Alice* step two analysis as to other Fallon patents), Ex. C at 5-6 (emphasizing that Court must evaluate whether there is any inventive concept in the ***claims***, regardless of whether any such concept is described in the specification). The only computer or physical elements mentioned in the claims are generic, functional hardware (*e.g.*, "data processing system" (claims 1, 5, 8, 11, 14, 17-19, 27, 34, 38-39, 41), "storage device" (claims 18, 22, 25, 27-28, 37-41), and "controller" (claims 23-26, 40)). Similar to the other Fallon patents, the claim language does not restrict the abstract idea to any physical application or implementation. The '046 patent claims therefore fail to include anything that could constitute an inventive step under *Alice* step two. Instead, they claim an abstract idea and the recited claim elements (both alone and as an ordered combination) merely implement this abstract idea on general-purpose computer parts, which is insufficient for patentability under Section 101.

Accordingly, the claims of the '046 patent are invalid as they claim ineligible subject matter under Section 101.

### B. Plaintiff Failed to Properly Plead Infringement of the '462 and '298 Patents.

Realtime's infringement allegations for the '462 and '298 patents, which rely solely on Samsung's alleged compliance with the standard for High Efficiency Video Coding ("HEVC"), fall far short of properly pleading infringement. Because Realtime's allegations concerning

5

Samsung's infringement of the '462 and '298 patents are essentially identical to those concerning Cisco's infringement of the same patents,[4] the allegations in the present case fail for the same reasons laid out in the *Cisco* motion. *See* Ex. C at 24-27 (Realtime's reliance on the standard is insufficient to support infringement allegations for the '462 and '298 patents), Ex. E at 7-10 (same). The only differences are that in the Samsung Complaint, Realtime cites to websites that it alleges confirm Samsung's use of the standard, rather than Cisco's. But as in the *Cisco* case, this does nothing to provide information as to the specific implementation of the standard or how Samsung's specific use of the standard necessarily infringes the claims of these patents. The Court should accordingly dismiss Realtime's direct infringement claims as to the '462 and '298 patents.

      **C.**    **Plaintiff Failed to Properly Plead Induced and Contributory Infringement as to Pre-Suit Conduct.**

To the extent the Court dismisses the direct infringement allegations for the Asserted Patents, the indirect allegations should also be dismissed. *See, e.g.*, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (holding a defendant cannot be liable for inducement of infringement without direct infringement). In addition, for each Asserted Patent, Realtime's allegations fail to state a claim for induced and contributory infringement, at least as to pre-suit conduct. Both inducement and contributory infringement require that the infringer have actual or constructive knowledge of the patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011). This Court has made clear that "a patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents." *Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-

---

[4] Every allegation from the *Cisco* complaint cited in the relevant portion of the *Cisco* motion to dismiss also appears in the Complaint in the present case: *Cisco* ¶ 115 corresponds to ¶ 121 in the Complaint for the present case; *Cisco* ¶ 108 corresponds to ¶ 113; *Cisco* ¶¶ 103-06 correspond to ¶¶ 76 (a mislabeled paragraph appearing between 108 and 109), 109-11; *Cisco* ¶¶ 109-13 correspond to ¶¶ 114-18; and *Cisco* ¶ 138 corresponds to ¶ 135.

JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) (limiting indirect infringement claims to post-filing conduct); *accord Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) (same). Thus, where "there is no allegation [of] pre-suit knowledge of the patents-in-suit, [a plaintiff's] indirect infringement claims must be limited to post-filing conduct." *Corydoras Techs.*, 2016 WL 9242435, at *2.

Realtime does not allege any pre-suit knowledge. Indeed, Realtime expressly alleges that Samsung knew of the Asserted Patents only upon Realtime's filing of the Complaint. Compl. ¶ 29 ("Samsung has had knowledge of the '046 patent since at least the filing of this Complaint or shortly thereafter"), ¶ 47 (same for the '442 patent), ¶ 65 (same for the '535 patent), ¶ 84 (same for the '907 patent), ¶ 101 (same for the '477 patent), ¶ 123 (same for the '462 patent), ¶ 141 (same for the '298 patent). Despite this, Realtime appears to allege that Samsung committed pre-suit induced and contributory infringement. *Id.* ¶ 30 ("Samsung has been . . . inducing infringement of the '046 patent"), ¶ 31 ("Samsung has been . . . contributorily infringing the '046 patent"), ¶¶ 48-49 (same for the '442 patent), ¶¶ 66-67 (same for the '535 patent), ¶¶ 85-86 (same for the '907 patent), ¶¶ 102-03 (same for the '477 patent), ¶¶ 124-25 (same for the '462 patent), ¶¶ 142-43 (same for the '298 patent). Because Realtime fails to allege that Samsung had any knowledge of the Asserted Patents prior to the filing of the Complaint in this case, Realtime's induced and contributory infringement claims must be dismissed to the extent they concern pre-suit conduct.

### D. Plaintiff Fails to State a Claim for Contributory Patent Infringement.

Apart from knowledge of the patents, Realtime's claims for contributory infringement independently fail because Realtime does not plead facts to plausibly allege that the components sold or offered for sale have no substantial non-infringing uses. In particular, merely reciting a

7

legal conclusion that a component has no substantial non-infringing uses is insufficient. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). The Complaint, however, does just that:

> Samsung knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '046 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '046 patent, in violation of 35 U.S.C. § 271(c).

Compl. ¶ 31; *see also id.* ¶ 49 (same for the '442 patent), ¶ 67 (same for the '535 patent), ¶ 86 (same for the '907 patent), ¶ 103 (same for the '477 patent), ¶ 125 (same for the '462 patent), ¶ 143 (same for the '298 patent). Because Realtime's allegations are simply a restatement of the contributory infringement statute, paraphrased and coupled to conclusory statements, the contributory infringement claims are not plausible and should be dismissed. *Biosonix, LLC v. Hydrowave, LLC*, No. 4:16-CV-139, 2016 WL 9229848, at *5 (E.D. Tex. Aug. 10, 2016); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court: (1) find all claims of the '046, '442, '477, '535, and '907 patents ineligible under Section 101 and dismiss all allegations of infringement as to those patents; (2) dismiss Plaintiff's claims for infringement of the '462 and '298 patents; (3) dismiss Plaintiff's claims for pre-suit induced and contributory infringement for all patents; and (4) dismiss Plaintiff's contributory infringement claims in full for all patents.

Dated: July 3, 2018

Respectfully submitted,

*/s/ Jin-Suk Park*
Jin-Suk Park
Nicholas Nyemah
Lindsey A. Beckett
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW

Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
jin.park@arnoldporter.com
nicholas.nyemah@arnoldporter.com
lindsey.beckett@arnoldporter.com

Ryan M. Nishimoto
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
ryan.nishimoto@arnoldporter.com

Melissa Smith (TX Bar No. 24001351)
**GILLMAN & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2018, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Jin-Suk Park*
Jin-Suk Park

## CERTIFICATE OF CONFERENCE

On July 2, 2018, counsel for the Parties conferred via telephone regarding the subject matter of this motion per the requirements of Judge Gilstrap's Standing Order. Counsel indicated that Realtime is opposed to this motion.

*/s/ Jin-Suk Park*
Jin-Suk Park

## CERTIFICATE OF COMPLIANCE WITH STANDING ORDER ON 35 U.S.C. § 101 MOTION PRACTICE

The parties **disagree** that prior claim construction is not needed to inform the Court's analysis as to patentability.

*/s/ Jin-Suk Park*
Jin-Suk Park